**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

CHE' CLEMONS,

    Plaintiff,

v.

DOUG WILLIAMS; TAMARSHE SMITH;
and JESSIE WILLIAMS,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-70

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Smith State Prison in Glennville, Georgia, brought this suit contesting certain conditions of his confinement pursuant to 42 U.S.C. § 1983. (Doc. 1.) For the reasons which follow, the Court **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis*. (Doc. 2.) Additionally, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint, (doc. 1), and **CLOSE** this case. I also **RECOMMEND** that the Court **DENY** Plaintiff *in forma pauperis* status on appeal.

## **BACKGROUND**

Plaintiff alleges that he has been deprived of the minimal civilized measures of life's necessities in violation of the Eighth Amendment while housed in the Tier I Unit at Smith State Prison. (Doc. 1, pp. 6–7.) Specifically, Plaintiff alleges that (1) his commissary privileges have been restricted, including a restriction on the purchase of hygiene items; (2) his visitation privileges have been revoked; and (3) he has not been served food equal in quality or quantity to

inmates in general population.[1]  Id.  Plaintiff seeks injunctive relief, compensatory damages, and punitive damages.  (Id. at p. 8.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* and pursuant to 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress.  Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).  Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity.  Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances).  Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without

---

[1] Plaintiff claims that he is "routinely served meals so cold that the main course items are congealed" and that "main course items are placed in tray slots designated [for] side dishes."  (Doc. 1, p. 7.)  Plaintiff further claims that "certain food items served to general population such as desserts and desirable items are not given to inmates on Tier 1."  (Id.)

arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

**I.     Dismissal for Abuse of Judicial Process**

As noted above, Plaintiff has moved to proceed *in forma pauperis* in this action. The form Complaint filed by Plaintiff directly asked whether Plaintiff had filed "any lawsuits in federal court which deal with facts other than those involved in this action" and directed Plaintiff to describe any additional lawsuits on a separate piece of paper. (Doc. 1, p. 2.) (emphasis added). Id. In the Complaint, Plaintiff indicated that he had only filed one prior lawsuit while incarcerated or detained. Id. However, the case management system shows that Plaintiff brought at least three lawsuits while he was incarcerated or detained before filing this action:

- Order, Clemons v. Tuggle, et al., 1:97-cv-03421, (N.D. Ga. Jan. 21, 1998), ECF No. 4 (dismissal of Clemons' complaint for failure to obey court order);

- Complaint, Clemons v. Tatum, et al., 1:11-cv-110, (N.D. Ga. Jan. 14, 2011), ECF No. 1 (dismissal of Clemons' complaint on grounds of qualified immunity and failure to identify or serve John Doe defendants);

- Order, Clemons v. Smith, et al., 6:07-cv-51, (S.D. Ga. Oct. 29, 2008), ECF No. 65 (approving stipulation of dismissal with prejudice).

As previously stated, Section 1915 requires a court to dismiss a prisoner's action if, at any time, the court determines that it is frivolous or malicious, fails to state a claim, or seeks relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Significantly, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal" under Section 1915. Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 225 (11th Cir. 2011) (alteration in original) (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)). In addition, Federal Rule of Civil Procedure 11(c) permits a court to impose sanctions, including dismissal, for "knowingly fil[ing] a pleading that contains false contentions." Id. at 225–26

4

(citing Fed. R. Civ. P. 11(c)). Again, although *pro se* pleadings are to be construed liberally, "a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules." Id. at 226.

Relying on this authority, the Court of Appeals for the Eleventh Circuit has consistently upheld the dismissal of cases where a *pro se* prisoner plaintiff has failed to disclose his previous lawsuits as required on the face of the Section 1983 complaint form. See, e.g., Redmon, 414 F. App'x at 226 (*pro se* prisoner's nondisclosure of prior litigation in Section 1983 complaint amounted to abuse of judicial process resulting in sanction of dismissal); Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010) (same); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 941 (11th Cir. 2010) (same); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (same). Even where the prisoner has later provided an explanation for his lack of candor, the Court has generally rejected the proffered reason as unpersuasive. See, e.g., Redmon, 414 F. App'x at 226 ("The district court did not abuse its discretion in concluding that Plaintiff's explanation for his failure to disclose the Colorado lawsuit—that he misunderstood the form—did not excuse the misrepresentation and that dismissal was a proper sanction."); Shelton, 406 F. App'x at 341 ("Even if [the plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits."); Young, 380 F. App'x at 941 (finding that not having documents concerning prior litigation and not being able to pay for copies of same did not absolve prisoner plaintiff "of the requirement of disclosing, at a minimum, all of the information that was known to him"); Hood, 197 F. App'x at 819 ("The objections were considered, but the district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

Another district court in this Circuit explained the importance of an inmate's prior litigation disclosures as follows:

5

> [t]he inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity, nor is it an effort to raise meaningless obstacles to a prisoner's access to the courts. Rather, the existence of prior litigation initiated by a prisoner is required in order for the Court to apply 28 U.S.C. § 1915(g) (the "three strikes rule" applicable to prisoners proceeding *in forma pauperis*). Additionally, it has been the Court's experience that a significant number of prisoner filings raise claims or issues that have already been decided adversely to the prisoner in prior litigation. . . . Identification of prior litigation frequently enables the Court to dispose of successive cases without further expenditure of finite judicial resources.

Brown v. Saintavil, No. 2:14-CV-599-FTM-29, 2014 WL 5780180, at *3 (M.D. Fla. Nov. 5, 2014) (emphasis omitted).

As Plaintiff filed at least three prior lawsuits while detained, he falsified his litigation history in his Complaint. The plain language of the complaint form is clear—first asking Plaintiff whether he has ever filed any lawsuit dealing with the same facts involved in this action, (doc. 1, p. 1), and then asking whether Plaintiff, while incarcerated or detained, has filed *any* lawsuit in federal court which dealt with facts other than those involved in this action. (Id. at p. 2) (emphasis added). Thus, regardless of the outcome of Plaintiff's prior lawsuits, his initiations of those lawsuits are the precise type of activity for which these prompts require disclosure.

Plaintiff failed to fully disclose the existence of his prior lawsuits, and his blatant dishonesty before this Court and disregard of his duty of candor cannot be excused. Consequently, the Court **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis* for failure to truthfully disclose his litigation history. Additionally, the Court should **DISMISS** this action for Plaintiff's failure to truthfully disclose his litigation history as required.

## II.     Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[2] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these

---

[2] A certificate of appealability is not required in this Section 1983 action.

issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Proceed *in Forma Pauperis*. Additionally, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983, and **CLOSE** this case. I also **RECOMMEND** that the Court **DENY** Plaintiff *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and

Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 23rd day of June, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA